FIDELITY AND CASUALTY COMPANY OF NEW YORK v. LENA JONES.

Decided May 15, 1901.

**1.—Accident Insurance—Classification of Callings.**

An accident insurance policy upon the life of insured in a specified calling, providing that for injury in an occupation classed by the company as more hazardous than the one specified recovery should be limited to such indemnity as the premium paid would purchase at the rate fixed for such increased hazard, the question of such diminution in the recovery depended not on whether the occupation in which he was injured was more hazardous in fact, but on whether it was so classified by the company.

**2.—Same—Pleading.**

Pleading alleging that the occupation of locomotive fireman, in which insured was killed, was more hazardous than that of roundhouseman, in which he was insured, and that the rates fixed by the company for the former calling were double those for the latter, held to be equivalent to an allegation that the former were classed by the company as more hazardous.

**3.—Evidence—Declarations.**

Expressions of pain by one claiming to have been injured are admissible in evidence, but not his statements in regard to doctoring himself or laying off from work.

Appeal from Hill. Tried below before W. Poindexter, Esq., Special Judge.

*Ramsey & Odell* and *Finley, Harris, Etheridge & Knight,* for appellant.

*James K. Parr* and *Wear, Morrow & Smithdeal,* for appellee.

KEY, ASSOCIATE. JUSTICE.—Appellee sued appellant upon a policy of accident insurance, issued to J. R. Jones, insuring him, as a roundhouseman by occupation, against bodily injuries sustained through external, violent, and accidental means; and stipulating that if death resulted from such injuries within ninety days, independently of all other causes, appellant would pay to appellee, Jones' wife, the sum of

$1200. Jones died, and appellee sued and obtained judgment for $1200, from which judgment this appeal is prosecuted.

The policy, among other things, contained the stipulation: "If the insured is injured, fatally or otherwise, in any occupation or exposure classed by this company as more hazardous than that stated above, the company's liability shall be for such principal sum or weekly indemnity as the premium paid by him will purchase at the rate fixed for such increased hazard."

It was stated in the preceding paragraph of the policy that Jones was a roundhouseman by occupation; that the testimony shows that at the time of the injury, from which it is alleged his death resulted, he was acting as fireman on a locomotive engine, and appellant submitted evidence tending to show that it classed the occupation of fireman on an engine as more hazardous than that of roundhouseman; that the rate of premium for insuring a fireman was double the rate charged for insuring a roundhouseman.

The court's charge as to the law affecting the company's liability under the paragraph of the policy above quoted made the question of diminution in the amount of the plintiff's recovery depend upon whether or not the occuption of fireman on an engine was in fact more hazardous than that of a roundhouseman, and not upon the fact of such occupation being classed by the insurance company as more hazardous. This is complained of as an incorrect and erroneous statement of the law, and we think the complaint is well founded, unless it be, as contended by appellee's counsel, that the question referred to was not raised by the pleadings. The defendant's answer contained this plea:

"For special answer herein, if so required, defendant says that the policy sued upon contains, among other stipulations not necessary now to be set forth, the following: 'If the assured is injured fatally or otherwise in any occupation or exposure classed by the company as more hazardous than that before stated, the company's liability shall be for such principal sum or weekly indemnity as the premium paid by him will purchase at the rates fixed for such increased hazard.' Defendant further avers that the said J. R. Jones, the assured, was insured as roundhouseman by occupation in the sum of $1000 by the payment of a premium of $15; that it was no part of the occupation of a roundhouseman to act as fireman or otherwise upon the switch engines, and defendant avers that if the assured ever received any accidental injuries, which is here denied, that he received the same on February 2, 1899, while engaged as a fireman on the switch engine of the Missouri, Kansas & Texas Railway Company of Texas, and that while so injured he was performing the duties of such fireman, and that the occupation or exposure of a fireman is more hazardous than that of a roundhouseman, and that the rates fixed by this company for a policy of $1000 to those performing the duties of a fireman on locomotive engines is $30, instead of $15 per thousand, and that the $15 paid by the assured would have purchased, according to the rates fixed by defendant, only $600 of

insurance under the occupation or exposure of that of fireman on locomotive engines; and defendant therefore says that if it is liable in any event, which it here denies, that the extent of plaintiff's recovery can in nowise exceed the sum of $600, and all of this defendant is ready to verify, wherefore," etc.

It is true, as pointed out in appellee's brief, that this plea does not, in specific terms, state that the company had classed the occupation of fireman on an engine as more hazardous than the occuption of roundhouseman, but it does aver that the former was a more hazardous occupation, and that the company had fixed the rate of insurance upon the former at double the rate fixed upon the latter. No exception was urged against the plea, and it must now be construed with all reasonable intendments and inferences in its favor, and, so construing it, we think it must be held to signify that the company had classed the occupation for which it charged the greater rate as more hazardous than the other; and we therefore hold that appellant's answer presented the issue referred to; and the error noted in the charge of the court requires a reversal of the judgment.

In reference to the testimony of the witness Wilson, complained of by appellant, it is sufficient to say that so much of it as stated what Jones said to the witness expressive of existing physical pain or suffering was admissible, but it was not proper for the witness to state what Jones said about doctoring himself and taking a layoff from his work.

We make no ruling upon the merits of the case, as disclosed by the evidence, but reverse the judgment for the error pointed out in the court's charge.

*Reversed and remanded.*